| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | **NOT FOR PUBLICATION** |
| KERLY JEAN LOUIS, | |
| Plaintiff, | |
| – against – | **MEMORANDUM & ORDER** |
| THE CITY OF NEW YORK, et al., | 24-CV-7171 (ERK) (RML) |
| Defendants. | |

Korman, *J.*:

Plaintiff Kerly Jean Louis brought this action against the City of New York and the New York City Department of Correction ("DOC") seeking damages and equitable relief under 42 U.S.C. § 1983 for injuries he suffered after being attacked by an inmate while working as a Correction Officer. Defendants now move for this case to be transferred to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(a), specifically to Chief Judge Laura Taylor Swain, and for a stay of their deadline to answer or otherwise respond to the complaint until their motion to transfer is resolved.

## BACKGROUND

In 2022, while working as a Correction Officer at the now-closed Anne M. Kross Center on Rikers Island, Plaintiff was stabbed and severely injured by an inmate. Complaint ¶ 7, ECF No. 1-1. Plaintiff sued the City and the DOC in New

1

York state court in July of this year, *see id.* at ¶ 2; Defendants removed the action to federal court on October 11, *see* ECF. No. 1. Plaintiff alleges that Defendants' failure to comply with the Consent Decree reached in *Nunez v. City of New York*, No. 11-CV-5845, 2015 U.S. Dist. LEXIS 176190 (S.D.N.Y. July 10, 2015)—which required the DOC to implement changes at Rikers Island to remedy ongoing violations of prisoners' constitutional rights—fostered unsafe and unconstitutional conditions that led to the attack. Compl. ¶¶ 17–25.

In the instant motion, Defendants request that the case be transferred to the Southern District of New York pursuant to 28 U.S.C. § 1404(a). ECF No. 7 at 1. Per Defendants, Plaintiff does not object to the transfer of venue. *Id.* Defendants also ask that the case be transferred specifically to Chief Judge Laura Taylor Swain on the grounds that Chief Judge Swain presides over the *Nunez* action and is best positioned to weigh their compliance with the *Nunez* Decree. *Id.* Plaintiff does not consent to this request. *Id.* Finally, Defendants request a stay of their deadline to answer or otherwise respond to the complaint until the date this motion is decided, to which Plaintiff purportedly also does not object. *Id.*

## DISCUSSION

28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought *or to any district or division to*

*which all parties have consented.*" 28 U.S.C. § 1404(a) (emphasis added). Typically, "district courts in this circuit apply a two-part test to motions to transfer venue under § 1404(a)." *United States v. Rare Breed Triggers, LLC*, 669 F. Supp. 3d 169, 179 (E.D.N.Y. 2023) (cleaned up). "First, the court must determine whether the action could have been brought in the proposed transferee forum as an original matter," which "requires the court to determine that both personal jurisdiction and venue would lie in the transferee district." *Id.* (internal quotations and citations omitted). "Second, 'if the action could have been filed in the proposed transferee district, the court must then determine whether transfer is appropriate,'" which entails a discretionary, case-by-case consideration of convenience and fairness assisted by a nonexclusive list of equitable factors.[1] *Id.* (quoting *Megna*, 220 F. Supp. 3d at 498).

If the parties consent to a transfer venue, the first step is obviated. *See Shorts v. Cedars Bus. Servs., LLC*, No. 24-CV-2787, 2024 U.S. Dist. LEXIS 160957, at *3

---

[1] Factors include:
> (1) convenience of witnesses; (2) convenience of the parties; (3) location of relevant documents and the relative ease of access to sources of proof; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the comparative familiarity of each district with the governing law; (8) the weight accorded to plaintiff's choice of forum; and (9) judicial economy and the interests of justice.

*Id.* (quoting *Megna v. Biocomp Lab'ys Inc.*, 220 F. Supp. 3d 496, 497–98 (S.D.N.Y. 2016)).

3

(S.D.N.Y. Sept. 6, 2024). The parties have mutually agreed to transfer this case to the Southern District. Even if mutual consent was unclear or insufficient because Plaintiff has not provided his consent in an independent writing, *see Pittman v. Pullen*, No. 22-CV-1651, 2023 U.S. Dist. LEXIS 175139, at *7 (D. Conn. Sept. 29, 2023), the action could have been brought in the Southern District because Defendants are subject to jurisdiction and Plaintiff's claims arise out of events that occurred at Rikers Island, which is located in the Bronx, and the Bronx is within the Southern District. 28 U.S.C. § 112(b); 28 U.S.C. § 1391(b)(2) (venue is proper where "a substantial part of the events or omissions giving rise to the claim occurred").

Transfer is also appropriate in light of the pertinent equitable considerations. That claims regarding prison conditions on Rikers Island, which lies within the Southern District's territorial bounds, are frequently brought in the Southern District renders the first, third, fourth, fifth, and seventh factors favorable to transfer. The parties' mutual consent speaks positively to the second, eighth, and ninth factors. There are no countervailing considerations militating against transfer. Accordingly, Defendants' motion to transfer this matter to the Southern District of New York is granted.

Regarding Defendants' request for a stay, courts typically consider five factors in deciding the appropriateness of a stay:

> (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*Klein v. AT&T Corp.*, No. 23-CV-11038, 2024 U.S. Dist. LEXIS 74679, at *2 (S.D.N.Y. Apr. 24, 2024) (quoting *Sikhs for Just. v. Nath*, 893 F. Supp. 2d 598, 621 (S.D.N.Y. 2012)). Because the parties consent to the stay, the private interests favor granting one. And the courts and the public have an interest in a merits adjudication of this matter implicating important issues with correctional administration. Defendant's motion for a stay is therefore granted.

On the other hand, Defendants' request to transfer the case to Chief Judge Swain is denied because "there is no mechanism for transferring a case pending in one court to a particular judge in the other." *Singh v. Joshi*, 152 F. Supp. 3d 112, 121 (E.D.N.Y. 2016). Indeed, § 1404(a) grants district courts the power to "transfer any civil action to *any other district or division* where it might have been brought," 28 U.S.C. § 1404(a) (emphasis added)—it does not permit transfers to specific judges, as many courts have recognized. *See, e.g., Ctr. for Med. Progress v. Becerra*, No. 20-CV-891, 2020 U.S. Dist. LEXIS 246351, at *12 (C.D. Cal. Nov. 12, 2020); *Trout Unlimited v. Lohn*, No. 06-CV-904, 2006 U.S. Dist. LEXIS 77355, at *10 (W.D. Wash. Oct. 10, 2006); *Roth v. Bank of Commonwealth*, No. 6-71531, 1978 U.S. Dist.

LEXIS 13896, at *8 n.4 (E.D. Mich. Dec. 11, 1978). Defendants' motion is therefore denied insofar as it requests a transfer to Chief Judge Swain.

## CONCLUSION

Defendants' motion is granted in part and denied in part. The Clerk of Court is directed to transfer this action to the United States District Court for the Southern District of New York. Defendants' deadline to answer or otherwise respond to the complaint is stayed until the date this matter is opened in the Southern District.

SO ORDERED.

*Edward R. Korman*

Brooklyn, New York
December 5, 2024

Edward R. Korman
United States District Judge