

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**MARIAM KHAN**
*Assistant Corporation Counsel*
Phone: 212-356-2662
markhan@law.nyc.gov

December 20, 2024

BY ECF
Honorable Ronnie Abrams
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Louis v. City of New York, et al.*, No. 24 Civ. 9718 (RA)

Your Honor:

    I am an Assistant Corporation Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel for the City of New York, and the attorney assigned to the defense of the above referenced matter. The City writes to inform the Court, pursuant to Local Rules of the United States District Courts for the Southern and Eastern District of New York, Rule 1.6 ("Local Civil Rule 1.6"), that this action is related to the case of *Nunez v. City of New York, et al.*, 11 Civ. 5845 (LTS)(JCF), currently pending before Honorable Chief Judge Laura Taylor Swain. The City requests that this case be designated as "related" to *Nunez* pursuant to the Southern District of New York Rules for the Division of Business, so that the case may be considered by Judge Swain for reassignment so that the two cases may proceed before the same judge. Plaintiff, through his attorney, E. Dubois Raynor Jr., consents to this request.

    Local Civil Rule 1.6 provides that an "attorney appearing in a case must bring to the attention of the court potentially related cases." *See* Local Civil Rule 1.6. Relatedness is determined by the Division of Business Rules in the district where the case was filed. *See id.* A civil case "will be deemed related to one or more civil cases … when the interest of justice and efficiency will be served." *See* SDNY Div. Bus. Rules, Rule 13. Relatedness is determined in light of the following factors:

a) the actions concern the same or substantially similar parties, property, transactions or events;

b) there is substantial factual overlap;

c) the parties could be subjected to conflicting orders; and

d) whether absent a determination of relatedness there would be a substantial duplication of effort and expense, delay, or undue burden on the Court, parties or witnesses.

*Id.*

Plaintiff Louis alleges that that the City violated a *Nunez* court order, making this case directly related to the *Nunez* matter. Specifically, Plaintiff alleges that the City "intentionally failed to comply with the core requirements of the [*Nunez* Action Plan Order, *Nunez* ECF No. 465 (the "Nunez Order")] there by [sic] violating the Plaintiff's constitutional right to safety in the New York City Jails." *See* Complaint, *Louis*, 24 Civ. 9718, ECF No. 1-1. Since this claim purports to be based in part on the *Nunez* order, it concerns the same transactions or events, as well as the same parties, as the *Nunez* case. If plaintiff is current a resident in a City jail, then he is deemed part of the *Nunez* Plaintiff class. *See* Consent Decree, *Nunez*, 11 Civ. 8454, ECF No. 249 (defining Plaintiff class as "all present and future inmates confined in jails operated by the Department, except for the Elmhurst and Bellevue Prison Wards").

Should this claim be allowed to proceed, it has the potential of resulting in conflicting orders. Specifically, in this case, the parties would litigate regarding the interpretation of the *Nunez* Order, whether it was violated, and what relief, if any, the Plaintiff may recover for any such violation. Judge Swain is likely to consider similar issues. And because Judge Swain entered the *Nunez* Order and is knowledgeable regarding the basis for that order and all of the related proceedings over the 13 year history of *Nunez*, Judge Swain would be in the best position to interpret the Order.

Accordingly, the City respectfully requests that this case be designated as related to the Nunez case, and that this matter be considered for assignment to Judge Swain.

The Defendant City thanks the court for its consideration of this matter.

Sincerely,

/s/ Mariam Khan
Mariam Khan
*Assistant Corporation Counsel*

cc:   All Counsel **(via ECF)**

Application denied. Chief Judge Swain has determined that this case is not related to *Nunez* so as to warrant reassignment. This Court will therefore continue to preside over the case.

SO ORDERED.

_____
Hon. Ronnie Abrams
December 24, 2024