

| | **THE CITY OF NEW YORK** | |
|---|---|---|
| **MURIEL GOODE-TRUFANT**<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **MARIAM KHAN**<br>*Assistant Corporation Counsel*<br>Phone: 212-356-2662<br>markhan@law.nyc.gov |

January 31, 2025

BY ECF
Honorable Ronnie Abrams
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

**Re:** *Louis v. The City of New York, et al.*, 24 Civ. 9718 (RA)

Your Honor:

      I am an Assistant Corporation Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel for the City of New York, and the attorney assigned to the defense of the above referenced matter. Defendants write to respectfully request the Court's endorsement of the proposed briefing schedule, as set forth below, for Defendants' anticipated motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). To the extent the Court is inclined to grant the within request, Defendants respectfully request an adjournment of the court conference scheduled for February 21, 2025, at 1 PM, *sine die*. This is the Defendants first request of this kind and Plaintiff's counsel, E. Dubois Raynor, consents to the proposed briefing schedule and request for an adjournment of the initial conference.

      By way of background, Plaintiff brings this action against the City of New York and the Department of Correction (collectively "Defendants") alleging that Defendants violated Plaintiff's constitutional rights by failing to comply with the requirements of a court order entered in a separate matter, *Nunez, et al. v. City of New York, et al.*, 11 Civ. 5845. *See* ECF 1-1, Compl. ¶¶ 18-20. Specifically, Plaintiff, who is a DOC Correction Officer, alleges that while on duty at Anne M. Kross Center ("AMKC"), on or about October 31, 2022, Plaintiff was violently attacked by an inmate. *See id.* ¶ 12. According to Plaintiff, the attack was due to Defendants failure to comply with its "legal obligation to build the four (4) borough jails." *See id.* ¶ 14.

      At this time, Defendants wish to move to dismiss the Complaint for failing to state a claim upon which relief can be granted. As an initial matter, while the

Complaint appears to allege two separate claims against Defendants, these claims are actually identical. *Compare* Compl. ¶¶ 17-20 *with* Compl. ¶¶ 21-25. Hence, Plaintiff alleges only a single claim against Defendants. Plaintiff's single claim alleges that Defendants violated Plaintiff's constitutional rights by failing to comply with a court order entered in June 2022 in the *Nunez* matter. *See id.* ¶¶ 17-20.

Regarding Plaintiff's sole claim, it is based on a misreading of the Nunez orders. Specifically, Plaintiff alleges that the June 2022 *Nunez* Court Order, which Plaintiff refers to as the "Nunez Action Plan Agreement," requires Defendants to build "borough jails." *See* ECF No. 1-1, Compl. ¶ 13. However, this is inaccurate, since neither the June 2022 *Nunez* Court Order, nor any other *Nunez* order, creates any such requirement.[1] *See*, *generally*, Exhibit A, *Nunez* Court Order entered on June 14, 2022; Exhibit B, *Nunez* Consent Decree entered October 21, 2015.

Even under the most liberal reading of the Complaint, Plaintiff fails to state a viable federal cause of action against Defendants. Specifically, the factual allegations fail to suggest that Defendants violated any constitutional right, or any other federally created right, of Plaintiff, who is a City employee. Finally, as courts in this circuit have repeatedly recognized, DOC is not a suable entity, therefore, any claims against DOC must be dismissed. For the foregoing reasons, and for other reasons to be brought forth by Defendants in their moving papers, Defendants respectfully request that the Court endorse the following proposed briefing schedule for their motion to dismiss, which is in lieu of filing an answer to the complaint[2]:

<u>Defendants' Deadline to file Motion to Dismiss</u>: Feb. 28, 2025

<u>Deadline to file Opposition to Defendants' Motion to Dismiss</u>: Mar. 28, 2025

<u>Deadline to file a Reply in Support of Motion to Dismiss</u>: Apr. 18, 2025[3]

Finally, to the extent the Court is inclined to grant the within request, Defendants respectfully request that the Court adjourn *sine die* the status conference that is currently scheduled for February 21, 2025, at 1 PM, until resolution of Defendants'

---

[1] The requirement to build borough-based jails is provided by local law passed in 2019, which required the City to close Rikers Island by the summer of 2027 and in its place build four borough-based jails in Brooklyn, Queens, the Bronx and Manhattan. *See* BD. OF CORR. CITY OF NEW YORK, Borough Based Jails Progress Report (December 21, 2021) (noting that in 2019, the "City of New York formally committed to closing Rikers Island and building a smaller, safer, fairer, more humane jail system in the boroughs").

[2] Pursuant to the Court's December 24, 2024 Order, Defendants' response to the complaint is due today, January 31, 2025.

[3] The undersigned requests additional time for the reply since I have pre-planned leave scheduled for March 21, 2025 – March 28, 2025.

Motion to Dismiss. *See* ECF No. 18 (Court order adjourning the initial conference to February 21, 2025 at 1 PM).

   Defendants thank the court for its consideration of this matter.

Sincerely,

/s/ Mariam Khan
Mariam Khan
*Assistant Corporation Counsel*

cc: All Counsel **(via ECF)**

Application granted. The Court adopts the briefing schedule set forth above. Additionally, in light of Plaintiff's consent, the initial conference previously scheduled for February 21, 2025 is hereby adjourned *sine die*, and discovery in this action is stayed pending the Court's resolution of the forthcoming motion to dismiss.

SO ORDERED.

Hon. Ronnie Abrams
February 3, 2025